**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| BAKHODIR AMANOV,<br><br>　　　　　　　　Petitioner,<br><br>　v.<br><br>NATHALIE ASHER, *et al.*,<br><br>　　　　　　　　Respondents. | Case No. C11-436-RSM-JPD<br><br>REPORT AND<br>RECOMMENDATION |

On March 11, 2011, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the United States Immigration and Customs Enforcement ("ICE"). (Dkt. No. 7.) On April 27, 2011, however, respondents filed a motion to dismiss and a declaration which indicate that petitioner was removed from the United States to Uzbekistan on April 22, 2011. (Dkt. Nos. 13 and 14.) Respondents assert that petitioner's removal from the United States has rendered his habeas petition moot, and that this matter should be dismissed. *Id*.

For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id*. Such is the case here. Because petitioner has been removed from the United States and is no longer detained by ICE, and

REPORT AND RECOMMENDATION
- PAGE 1

because this Court can provide no further relief, this habeas matter has become moot. *See, e.g., Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992)(holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe).  Accordingly, the Court recommends that petitioner's habeas petition be dismissed as moot.  A proposed Order accompanies this Report and Recommendation.

DATED this 28th day of April, 2011.

/s/ James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
- PAGE 2